UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHALAWN BROWN, *et al.*, | No. C-11-4822 EMC |
| Plaintiffs, | **ORDER ISSUING SANCTIONS** |
| v. | |
| ROYAL POWER MANAGEMENT, INC., *et al.*, | |
| Defendants. _____/ | |

      Having given Plaintiffs' counsel notice and a reasonable opportunity to respond, the Court finds that Federal Rule of Civil Procedure 11(b) has been violated, and will impose sanctions on Lawyers for Justice, PC and R. Rex Parris Law Firm.

### I.    FACTUAL & PROCEDURAL HISTORY

      Defendant Gidon Rosman is the President of Defendant Royal Power Management, Inc., a property management company. Docket No. 6-2 ¶ 1 ("Rosman Decl."). On September 29, 2011, Plaintiffs filed a complaint in the Northern District of California, alleging that Defendants had failed to pay its Property Managers minimum wage and overtime. Compl. ¶¶ 37, 43. Plaintiffs alleged that "[v]enue is proper in [the Northern] District pursuant to 28 U.S.C. § 1391(a) and (b) because Defendants maintain offices, have agents, and are licensed to transact and do transact business in this District." Compl. ¶ 2. Plaintiffs provided no factual basis for this statement in the complaint.

      On October 3, 2011, Defendants' counsel provided Plaintiffs' counsel with a list of all of the properties managed by Defendants during the relevant time frame. Docket No. 19 ¶ 2 ("Egley Decl."). This list did not contain any properties within the Northern District, as all addresses were

within Southern California. Egley Decl. ¶ 2. Subsequently, on October 13, 2011, Defendants' counsel contacted Plaintiffs' counsel, asking why Plaintiffs filed in the Northern District when Defendants had no connection to the area. Docket No. 6-1, Exh. A. Defendants again explained that they did not manage any property outside of Southern California, and that they never had an office outside of Los Angeles County. Docket No. 6-1, Exh. A. Defendants asked what evidence Plaintiffs's counsel had suggesting that Defendants had contacts to the Northern District, and explained that the Central District of California was the proper venue for the lawsuit. When Plaintiffs' counsel did not respond, Defendants again contacted Plaintiffs' counsel in an attempt to resolve the issue without having to file a motion to transfer venue. Docket No. 6-1, Exh. B. Plaintiffs' counsel again failed to respond.

After Defendants' attempts to contact Plaintiffs' counsel failed, Defendants filed a motion to dismiss for improper venue. Docket No. 6. In their Opposition to Defendants' motion to dismiss for improper venue, Plaintiffs' counsel argued that venue was proper because Plaintiffs were employed in the Northern District by Defendants' alter ego companies. Docket No. 7 at 3-4. Despite making these claims, Plaintiffs could not identify any individual employed in the Northern District, any alleged alter ego of Defendants' working in the Northern District, or any property managed by Defendants in the Northern District. Based on this failure to provide any factual support for Plaintiffs' assertion that venue was proper in the Northern District, the Court transferred the case to the Central District and issued an Order to Show Cause pursuant to Federal Rule of Civil Procedure 11(c)(3). Docket No. 13.

On December 29, 2011, Plaintiffs' counsel responded to the Court's Order to Show Cause, stating that as a result of its investigation, it had concluded that venue was proper in the Northern District because Defendant RPM Management: (1) managed properties in the Northern District, (2) employed putative class members in the Northern District, (3) solicited, retained, and/or entered into contracts with vendors for building supplies and/or office supplies in the Northern District, (4) advertised vacant apartment to residents of the Northern District, (5) advertised employment positions to residents of the Northern District, and (6) maintained bank accounts in the Northern District. Docket No. 15 at 2. Plaintiffs' counsel failed to provide any factual basis for these

assertions, and the Court ordered that Plaintiffs supplement its response with the specific factual bases for their belief of each of these statement. Docket No. 16.

In their supplemental response, Plaintiffs' counsel stated that it had learned that Defendants managed properties throughout California, including the Northern District. Docket No. 17 ¶ 2 ("Aiwazian Decl."). Based solely on this belief, and with no other evidentiary support, Plaintiffs' counsel presumed that because Defendants managed properties within the Northern District, it would have had to perform activities such as employing putative class members in the Northern District, entering into contracts in the Northern District, and maintaining bank accounts in the Northern District. Aiwazian Decl. ¶¶ 2, 3. However, Plaintiffs' counsel again failed to provide **any** factual basis for its belief that Defendants managed properties within the Northern District. Plaintiffs' counsel also included excerpts from Defendants' website, which itself states that "RPM is a flexible organization that operates within the *Southern California* marketplace." Docket No. 17-1 at 5. There is no indication in all of Plaintiffs' filings that Defendants manage any property within the Northern District.

## II. DISCUSSION

Under Rule 11(b), an attorney who presents a pleading, written motion, or other paper "certifies that to the best of the person's knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances* . . . (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). Sanctions for violation of Rule 11 may be imposed via motion (Rule 11(c)(2)) or on the court's own initiative under Rule 11(c)(3).

Because the Court sua sponte issued the Order to Show Cause, and not on motion by Defendants, the Court applies a heightened standard. In the Ninth Circuit, sua sponte actions are to "be imposed only in situations that are akin to a contempt of court." *Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1999); *see also United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1116 (9th Cir. 2001). This higher standard is justified by the lack of a "safe harbor" when the Court sua sponte issues sanctions, as opposed to when the opposing party moves for Rule 11 sanctions. *Barber*, 146 F.3d at 711; *United Nat'l Ins. Co.*, 242 F.3d at 1115-16.

1   After reviewing Plaintiffs' counsel's papers and declarations, the Court finds that counsel's
2 behavior is sanctionable even under this higher standard. Throughout these proceedings, Plaintiffs
3 have continued to assert that Defendants had sufficient contacts to the Northern District to support
4 jurisdiction, offering a multitude of different justifications. In the complaint, Plaintiffs alleged that
5 "Defendants maintain offices, have agents, and are licensed to transact and do transact business in
6 this District," but did not identify any offices, agents, or business licenses. Compl. ¶ 2. In the
7 opposition to Defendants' motion to dismiss for improper venue, Plaintiffs' counsel argued that
8 Defendants had employees in the Northern District but could not identify any of these individuals.
9 Docket No. 7 at 4. Plaintiffs' counsel also alleged that Defendants had alter egos that operated in
10 the Northern District, but provided no evidence that the identified corporations were alter egos *or*
11 that the corporations managed properties in the Northern District. Docket No. 7 at 3.

12   Even after the Court found that venue was not proper and transferred this case to the Central
13 District, Plaintiffs' counsel has continued to assert that Defendants managed property in the
14 Northern District. In the response to the Order to Show Cause, Plaintiffs' counsel claimed that as a
15 result of its investigations, it found that Defendants managed properties in the Northern District,
16 employed putative class members in the Northern District, entered into contracts in the Northern
17 District, and maintained bank accounts in the Northern District. Docket No. 15 at 2. However,
18 when the Court required supplemental information for the specific factual basis for this belief,
19 Plaintiffs' counsel admitted that it had no such evidence of any employees, contracts, or bank
20 accounts in the Northern District. Instead, Plaintiffs' counsel used his "knowledge and experience
21 regarding the property management business" to assume that such contacts existed. Aiwazian Decl.
22 ¶ 2. Furthermore, Plaintiffs' counsel still failed to provide any factual evidence for the belief that
23 Defendants managed any properties in the Northern District, yet continued to assert that such
24 properties existed. Aiwazian Decl. ¶ 2.

25   Perhaps even more significantly, Plaintiffs' counsel continued to make such factual
26 assertions even when confronted with evidence presented by Defendants that their assertions were
27 wrong. Defendants' counsel repeatedly gave Plaintiffs the opportunity to avoid a formal motion to
28 dismiss for lack of venue, not only providing Plaintiffs' counsel with a list of properties managed by

1 Defendants but twice reaching out to Plaintiffs questioning Plaintiffs' choice of venue. In doing so,
2 Defendants gave Plaintiffs' counsel several opportunities to resolve the matter informally, but
3 Plaintiffs' counsel chose to press on despite having no evidence that Defendants had any connection
4 to the Northern District. While Plaintiffs' complain that they had no obligation to respond to
5 Defendants' inquiries into why Plaintiffs chose to file in the Northern District, Defendants' inquiries
6 put Plaintiffs' counsel on notice that venue was not proper and gave counsel the chance to correct
7 themselves. Plaintiffs were thus given an informal "safe harbor" to bring their case in the proper
8 venue, which they did not use. Instead, Plaintiffs opposed Defendants' motion to dismiss, and even
9 after having their case transferred to the proper venue, persisted in claiming that Defendants
10 managed properties in the Northern District without any evidence.

11 In submitting these papers and making its assertions to the Court that Defendants had
12 sufficient contacts with the Northern District to support venue, Plaintiffs' counsel certified that to
13 the best of their knowledge, formed after reasonable inquiry, that there was evidentiary support for
14 this assertion. Plaintiffs' counsel has not demonstrated that they had any legitimate reason to
15 believe that venue was proper in the Northern District, or that Plaintiffs' decision to file in this court
16 was based on a reasonable investigation. Instead, Plaintiffs' counsel continued to assert that venue
17 was proper despite knowing that this assertion was baseless. The Court finds that this behavior,
18 particularly after confronted with evidence that their venue allegations were baseless, constituted
19 bad faith and lacked forthrightness with the Court; this conduct is "akin to contempt of court."
20 *Barber*, 146 F.3d at 711.

21 Accordingly, the Court shall impose sanctions on Plaintiffs' counsel. Because the Court sua
22 sponte imposes sanctions, and not on parties' motion, any penalty must be paid to the Court. Fed. R.
23 Civ. P. 11(c)(4); *see also Gonzales v. Texaco Inc.*, No. 07-17123, 344 Fed. Appx. 304, 309 (9th Cir.
24 May 15, 2009) ("Under Rule 11, a district court is not permitted to impose Rule 11 sanctions
25 payable to a party on the basis of a *sua sponte* show cause order."). Defendants' counsel states that
26 they incurred attorneys' fees and costs of $9,607.57 as a result of the motion to dismiss due to

improper venue.[1] Thus, taking into account the costs to Defendants and the waste of judicial resources as a result of Plaintiffs' behavior, the Court will fine Plaintiffs' counsel $10,000 payable to the Court.

### III. CONCLUSION

For the reasons stated above, the Court will impose sanctions on Plaintiffs' counsel. Pursuant to Rule 11(c)(4), Lawyers for Justice, PC and R. Rex Parris Law Firm are jointly and severally sanctioned for $10,000.

IT IS SO ORDERED.

Dated: February 1, 2012

_____
EDWARD M. CHEN
United States District Judge

---

[1] This amount does not include an estimated $1,160.00 in costs associated with the Order to Show Cause.